NOTICE OF OBJECTION TO CONFIRMATION

BAYVIEW LOAN SERVICING, LLC has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

1.  File with the Court an answer, explaining your position at:
    **Clerk
    U.S. Bankruptcy Court
    50 Walnut Street, 3rd Floor
    Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Phelan Hallinan Diamond & Jones, PC          MARIE-ANN GREENBERG, Trustee
400 Fellowship Road, Suite 100               30 TWO BRIDGES ROAD, SUITE 330
Mt. Laurel, NJ 08054                         FAIRFIELD, NJ 07004

2.  Attend the hearing scheduled to be held on 08/13/2015 in the NEWARK Bankruptcy Court, at the following address:
    **U.S. Bankruptcy Court
    50 Walnut Street, 3rd Floor
    Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: June 19, 2015

/s/ John Schneider
John Schneider, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 7367
Fax: 856-813-5501
Email: john.schneider@phelanhallinan.com

**File No. CH-10362**
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
BAYVIEW LOAN SERVICING, LLC

| In Re: | UNITED STATES BANKRUPTCY COURT |
| --- | --- |
| TERRI L. DEKKER<br>EDWARD M. DEKKER | FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE |
| | Chapter 13 |
| Debtors | Case No. 15-20319 - JKS |

Hearing Date: 08/13/2015

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, BAYVIEW LOAN SERVICING, LLC, the holder of a Mortgage on debtors residence located at 58 KYNOR AVENUE, STANHOPE, NJ 07874 hereby objects to the Confirmation of the debtors proposed Chapter 13 Plan on the following grounds:

1. Movant is in the process of drafting and filing a Proof of Claim. The approximate arrears are $161,745.97.
2. Debtor's Plan does not provide for payment of arrears to Movant.  Debtor's Plan provides for the Debtor's pursuit of a loan modification. Debtor's Plan is speculative in nature in that the Plan contemplates curing the arrears through a loan modification that has neither been offered nor approved.  A copy of the Debtor's Plan is attached hereto as Exhibit "A" and made a part hereof.
3. Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).  Movant objects to Debtor's Plan as it is underfunded.
4. Additionally, Debtor's Plan fails to provide for ongoing post-petition mortgage payments in the amount required under the terms of the note and mortgage. Movant objects to anything less than full post-petition payment during the pendency of this bankruptcy case.
5. Debtor's Plan should be amended to fully fund the arrears owed to Movant. Confirmation of Debtor's proposed Plan should be denied.

WHEREFORE, BAYVIEW LOAN SERVICING, LLC respectfully requests that the Confirmation of Debtors Plan be denied.

/s/ John Schneider
John Schneider, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 7367
Fax: 856-813-5501
Email: john.schneider@phelanhallinan.com

Dated: June 19, 2015

# Exhibit "A"

Last revised 12/1/11

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Edward M. Dekker**
**Terri L. Dekker**

Case No.:
Judge:
Debtor(s)    Chapter:    **13**

### CHAPTER 13 PLAN AND MOTIONS

☑ Original     ☐ Modified/Notice Required     ☑ Discharge Sought
☐ Motions Included     ☐ Modified/No Notice Required     ☐ No Discharge Sought

Date: _____

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

**Part 1: Payment and Length of Plan**

   a. The Debtor shall pay **75.00 Monthly** to the Chapter 13 Trustee, starting on **July 1, 2015** for approximately **44** months.

   b. The Debtor shall make plan payments to the Trustee from the following sources:

       ☑ Future Earnings

       ☐ Other sources of funding (describe source, amount and date when funds are available):

   c. Use of real property to satisfy plan obligations:

       ☐ Sale of real property
          Description:
          Proposed date for completion:

       ☐ Refinance of real property
          Description:
          Proposed date for completion:

       ☑ Loan modification with respect to mortgage encumbering property
          Description: **loan modification with Bayview for home located at 58 Kynor Avenue Stanhope, NJ**
          Proposed date for completion: **12/31/2015**

   d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐  Other information that may be important relating to the payment and length of plan: _____

**Part 2: Adequate Protection**

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to ____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Joan Sirkis Lavery ~JL4841 | Attorney Fees | 2,000.00 |

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**b. Modification**

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

| NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan. | | | | | | |
|---|---|---|---|---|---|---|
| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

2

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **-NONE-** | | | |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| **Bayview Financial Loan** |
| **First Niagra Bank** |

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **-NONE-** | | |

## Part 5: Unsecured Claims

a. **Not separately classified** Allowed non-priority unsecured claims shall be paid:

____ Not less than $____ to be distributed *pro rata*

____ Not less than ___ percent

__x__ Pro rata distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **-NONE-** | | | |

## Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed:**

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| **Kia** | **lease of 2013 Kia Rio for $221.00** | **ASSUME** |

3

**Part 7: Motions**

> **NOTE: All plans containing motions must be served on all potentially affected creditors, together with a Chapter 13 Plan Transmittal Letter, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Proof of Service must be filed with the Clerk of Court when the Plan and Transmittal Letter are served.**
>
> **Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation. The proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a). The creditor shall file a proof of service prior to the scheduled confirmation hearing. In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion. Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan**.

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| -NONE- | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| -NONE- | | | |

**Part 8: Other Plan Provisions**

    a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

        __**X**__    Upon Confirmation

        ____    Upon Discharge

    b. **Payment Notices** Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

4

c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

1) Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

d. **Post-petition claims** The Trustee is ☐, is not ☑ authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

# Part 9 : Modification

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified:

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| | |
| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes    ☐ No |

# Part 10: Sign Here

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date **June 1, 2015**        **/s/ Joan Sirkis Lavery**
                             **Joan Sirkis Lavery**
                             Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date **June 1, 2015**    Signature    **/s/ Edward M. Dekker**
                                      **Edward M. Dekker**
                                      Debtor

Date **June 1, 2015**    Signature    **/s/ Terri L. Dekker**
                                      **Terri L. Dekker**
                                      Joint Debtor

5

```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
```
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

---

CH-10362
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for BAYVIEW LOAN SERVICING, LLC

| In Re: | Case No: 15-20319 - JKS |
|---|---|
| EDWARD M. DEKKER<br>TERRI L. DEKKER | Adv. No: _____<br>Hearing Date: 08/13/2015<br><br>Judge: JOHN K. SHERWOOD |

## CERTIFICATION OF SERVICE

1. I, MIGUEL ZAVALA:

    ☐ represent the _____ in the above-captioned matter.

    ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents BAYVIEW LOAN SERVICING, LLC in the above captioned matter.

    ☐ am the _____ in the above case and am representing myself.

2. On June 19, 2015, I sent a copy of the following pleadings and/or documents to the parties listed below:

    Objection to Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: June 19, 2015                      /s/ *MIGUEL ZAVALA*
                                          MIGUEL ZAVALA

2

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| TERRI L. DEKKER<br>58 KYNOR AVENUE<br>STANHOPE, NJ 07874 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br> (as authorized by the court *) |
| EDWARD M. DEKKER<br>58 KYNOR AVENUE<br>STANHOPE, NJ 07874 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br> (as authorized by the court *) |
| JOAN S. LAVERY, Esquire<br>699 WASHINGTON STREET<br>SUITE. 102<br>HACKETTSTOWN, NJ 07840 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br> (as authorized by the court *) |
| MARIE-ANN GREENBERG, Trustee<br>30 TWO BRIDGES ROAD, SUITE 330<br>FAIRFIELD, NJ 07004 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br> (as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.